FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2019 NOV 14  PM 1: 47

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

| | | |
|---|---|---|
| DOUGLAS MENDOZA, | } | Case No. |
| PLAINTIFF | } | |
| | } | 2:19.cv.824.7wn.29mam |
| | | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| CAPITAL ACCOUNTS, LLC | } | 47 U.S.C. § 227, et seq. |
| DEFENDANT | } | **JURY TRIAL REQUESTED** |
| _____ / | | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff DOUGLAS MENDOZA, through his attorney, brings this action to challenge the actions of Defendant CAPITAL ACCOUNTS, LLC. for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"). The FCCPA was designed to protect consumers from harassment like the

type described within this complaint, and to protect consumers like Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

4. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

7. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

8. This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA) and the Telephone Consumer Protection Act (TCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 15 U.S. Code § 1692, et seq.; 47 U.S.C. § 227, et seq.; and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

9. Because Defendant conducts business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established.

10. Because all tortious conduct occurred while Plaintiff resided in the City of Clewiston, County of Hendry, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

11. Plaintiff is a natural person.

12. Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) because Defendant used instrumentalities of commerce within this state and District, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Fla. Stat. § 559.55(6), because Plaintiff was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. Specifically, Plaintiff was allegedly obligated to pay money allegedly owed for personal dental services.

14. Plaintiff is a "debtor" and "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) because Plaintiff was allegedly obligated to pay a debt.

15. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida, and therefore is and was a "person" as such term is described by the TCPA, 47 U.S.C. § 153(39).

16. Defendant is, and at all times mentioned herein was, a corporation and therefore is and was a "person" as such term is described by the TCPA, 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

17. At some point in the past, Plaintiff allegedly received personal dental services from Tower Dental.  In the course of receiving those personal dental services, Plaintiff allegedly incurred a $94.60 debt, plus, as of October 10, 2019, $20.10 in alleged interest – all of which Plaintiff does not actually owe.

18. At some point thereafter, Tower Dental either sold the alleged debt to Defendant or contracted with Defendant to collect upon the alleged debt on behalf of Tower Dental.

19. Between October 5, 2019 and October 25, 2019, Defendant called Plaintiff on Plaintiff's cell phone at least ten times to collect on the alleged debt, each time using an automatic telephone dialing system ("ATDS").  Plaintiff believes Defendant used an ATDS because when Plaintiff would answer the phone, there would be several seconds of dead air before someone started talking – a tell-tale sign of ATDS use.  Additionally, during most of these phone calls, Plaintiff repeatedly informed Defendant that Plaintiff does not actually owe the debt and demanded Defendant stop calling him, but Defendant continued to call him regardless.

20. On October 23, 2019, Plaintiff mailed Defendant a certified letter stating, in pertinent part, that Plaintiff refuses to pay the alleged debt and demanding that Defendant cease collection communication with Plaintiff.  Defendant signed for this certified letter on October 26, 2019.

21. At least three times thereafter, notwithstanding the certified letter described in paragraph 16, above, Defendant further called Plaintiff to collect upon the alleged debt, using an ATDS for at least

two of these phone calls. Plaintiff believes Defendant used an ATDS because when Plaintiff would

answer the phone, there would be several seconds of dead air before someone started talking – a tell-

tale sign of ATDS use.

22. As of November 12, 2019, during Defendant's initial communication with Plaintiff, and in

fact during every one of Defendant's communications with Plaintiff, Defendant failed to provide

Plaintiff with the full set of the following five disclosures: information regarding the amount of the

debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within

thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt

will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt

collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the

debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a

copy of such verification or judgment will be mailed to the consumer by the debt collector; and a

statement that, upon the consumer's written request within the thirty-day period, the debt collector will

provide the consumer with the name and address of the original creditor, if different from the current

creditor. Specifically, Defendant provided Plaintiff with only some of the above five disclosures -- not

all of them.

## FIRST CLAIM FOR RELIEF

### Violation of the FDCPA, 15 U.S.C. § 1692, et seq.

23. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-22, as if fully set

forth herein.

24. By communicating with Plaintiff for debt collection purposes after receiving written

notification that Plaintiff wished Defendant cease further communication with Plaintiff, Defendant has

engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692c(c).

25. By communicating with Plaintiff for debt collection purposes after receiving written notification that Plaintiff refuses to pay the alleged debt, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692c(c).

26. By communicating with Plaintiff for debt collection purposes and falsely representing the character, amount, or legal status of a debt by attempting to collect an amount from Plaintiff that Plaintiff does not actually owe, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(2)(A).

27. By communicating with Plaintiff for debt collection purposes and using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(10).

28. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

29. By failing to provide Plaintiff with written notice within five days of the initial communication with Plaintiff in connection with the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the

thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

30. The FDCPA provides for actual damages and for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(1-2).

31. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

32. 15 U.S.C. § 1692k(a)(1-2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

33. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

### Violations of the FCCPA, Fla. Stat. § 559.55, et seq.

34. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-22, as if fully set forth herein.

35. By communicating with Plaintiff for debt collection purposes and claiming, attempting, or threatening to enforce a debt when Defendant knows that the debt is not legitimate, Defendant has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(9).

36. The FCCPA provides for actual damages and statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

37. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

38. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

39. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

40. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) Punitive damages in the maximum amount the court deems proper and may provide;

(e) And any other relief as the court deems proper and may provide.

Plaintiffs requests a jury for all claims so triable.

## THIRD CLAIM FOR RELIEF

### Violations of the TCPA, 47 U.S.C. § 227, et seq.

41. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-22, as if fully set forth herein.

42. By calling Plaintiff's cell phone at least one time (to wit, approximately twelve times), with each phone call taking place in the manner described in paragraphs 19 and 21, above, and without

Plaintiff's consent, Defendant has engaged in illegal practices under the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

43. Upon information and belief, at least some number of these TCPA violations were knowing or willful because Defendant had been informed multiple times that Plaintiff wished for Defendant to stop calling him – including via certified mail, which Defendant received -- putting Defendant on notice that if Defendant falsely held any belief Plaintiff consented to receive calls in the manner described by paragraphs 19 and 21, above, that consent was revoked. (Of course, there was never any original consent in the first place).

44. The TCPA provides for statutory damages of $500.00 per call made in violation of the statute, 47 U.S.C. § 227(b)(3).

45. The TCPA provides for treble damages. an additional $1,000.00 per call made in violation of the statute, for a total of $1,500.00 per call, if the violations were willful or knowing, Id.

46. Plaintiff is entitled to $500.00 in statutory damages per violating call, Id.

47. Plaintiff is entitled to an additional $1,000.00 in treble statutory damages per violating call, for a total of $1,500.00 per violating call, due to the knowing or willful nature of the violations, Id.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $500.00 per each violating call;

(b) Treble statutory damages in the amount of an additional $1,000.00 per each violating call, for a total of $1,500.00 per each violating call;

(c) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 12th day of November, 2019,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769

Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com