UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOUGLAS MENDOZA,

      Plaintiff,

v.                              Case No:  2:19-cv-824-FtM-29MRM

CAPITAL ACCOUNTS, LLC,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on plaintiff's Motion for Default Judgment (Doc. #12) filed on March 18, 2020.  No response has been filed, and the time to respond has expired.

**I.**

On November 14, 2019, plaintiff filed a Complaint (Doc. #1) against Capital Accounts, LLC asserting a violation of the Fair Debt Collection Practices Act (FDCPA), the Florida Consumer Collections Practices Act (FCCPA), and the Telephone Consumer Protection Act (TCPA).  Service of process was executed on November 26, 2019, and a Clerk's Entry of Default (Doc. #11) was issued on March 4, 2020.  Having obtained a default, plaintiff now seeks a default judgment.  Fed. R. Civ. P. 55(a).

When a defendant defaults, it is "deemed to admit the plaintiff's well-pleaded allegations of facts," but not conclusions of law or facts not well-pleaded.  <u>Surtain v. Hamlin</u>

Terrace Foundation, 789 F.3d 1239, 1245 (11th Cir. 2015).  To warrant a default judgment, the facts alleged in the pleadings must provide a sufficient basis for judgment.  Id. (quoting Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).  The sufficiency standard is that "necessary to survive a motion to dismiss for failure to state a claim."  Id.

## II.

Deeming all well-pleaded facts as admitted, plaintiff has established the following:  Defendant is a "debt collector" who regularly collects or attempts to collect debts.  Plaintiff is a debtor who allegedly received dental services from Tower Dental and incurred a $94.60 consumer debt, plus interest, all of which plaintiff asserts was not actually owed.  At some point, Tower Dental sold the alleged debt or contracted with defendant to collect the debt on its behalf.

Between October 5, 2019, and October 25, 2019, defendant called plaintiff's cellular telephone at least 10 times to collect the debt using an automatic telephone dialing system (ATDS).  Plaintiff believes an ATDS was used because there would be "several seconds of dead air" before someone spoke.  Plaintiff told defendant that he did not owe the debt and asked that defendant stop calling, but the calls continued.  On October 23, 2019,

plaintiff mailed defendant a certified letter stating that he refuses to pay the debt and demanding that defendant cease collection communication.  Defendant signed for the certified letter on October 26, 2019.  Defendant called at least three times thereafter, and used the ATDS for at least two of the calls.

As of November 12, 2019, defendant failed to provide plaintiff with the five required disclosures:  (1) information regarding the amount of the debt, (2) the name of the creditor, (3) a statement that unless the consumer disputes the validity of the debt within 30 days, the debt will be assumed to be valid by the debt collector, (4) a statement that if the consumer notifies the debt collector in writing within the 30 day period that the debt is disputed, the debt collector will obtain verification of the debt or a copy of a judgment will be mailed to plaintiff, the consumer, and (5) upon the consumer's written request, the debt collector will provide the consumer the name and address of the original creditor, if different than the current creditor.

### III.

**A. FDCPA**

To prevail on an FDCPA claim, plaintiff must establish that he was the object of collection activity arising from a consumer debt, that defendant qualifies as a debt collector, and that defendant engaged in a prohibited act or failed to perform a

requirement imposed under the FDCPA.  Brown v. Credit Mgmt., LP, 131 F. Supp. 3d 1332, 1338 (N.D. Ga. 2015) (citation omitted). Plaintiff alleges that defendant is a debt collector that violated the FDCPA by: (1) illegally communicated with him after receiving written notification that plaintiff wished defendant to cease further communication; (2) falsely represented the character, amount, or legal status of the debt not actually owed; (3) used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning plaintiff; (4) used unfair and unconscionable means to collect or attempt to collect a debt including an amount not expressly authorized; and (5) failed to provide plaintiff written notice within five days of the initial communication with the necessary disclosures.  See 15 U.S.C. §§ 1692c, 1692e, 1692f, and 1692g.

**B. FCCPA**

To prevail on an FCCPA claim, plaintiff must show that defendant asserted a legal right that does not exist, and that defendant had actual knowledge that the right did not exist. Finster v. U.S. Bank Nat'l Ass'n, 245 F. Supp. 3d 1304, 1318 (M.D. Fla. 2017), aff'd, 723 F. App'x 877 (11th Cir. 2018).  In collecting consumer debts, no person shall:

> . . .
>
> (9) Claim, attempt, or threaten to enforce a
> debt when such person knows that the debt is

> not legitimate, or assert the existence of
> some other legal right when such person knows
> that the right does not exist.

Fla. Stat. § 559.72(9). Plaintiff alleges that debtor engaged in illegal practices by communicating with plaintiff for debt collection purposes and claiming, attempting, or threatening to enforce a debt that defendant knows was not legitimate. Unlike the federal counterpart, the FDCPA, Florida law is not limited to debt collectors, but "great weight" is given to the federal courts relating to the FDCPA. Fla. Stat. § 559.77(5).

### C. TCPA

As for the TCPA claim, plaintiff provided underlying facts of the number of calls, that it was to plaintiff's wireless phone, and that it was by use of an automatic dialing system, and without the consent of plaintiff. Melvin v. Ocwen Loan Servicing LLC, No. 8:18-CV-1911-T-36SPF, 2019 WL 1980605, at *3 (M.D. Fla. May 3, 2019). Plaintiff alleges that defendant engaged in illegal practices by calling plaintiff's cellular telephone at least one time and approximately 12 times without plaintiff's consent and by ATDS. Plaintiff alleges that least some of these calls were knowing and willful because defendant had been informed multiple times, including by certified mail, that plaintiff wished defendant to stop calling. Plaintiff alleges that defendant was

on notice that if defendant falsely held any belief that plaintiff consented to receive ATDS calls, the consent was revoked.[1]

An ATDS is equipment that can store or produce telephone numbers to be called, using a random or sequential number generator to dial the numbers. 47 U.S.C. §227(a)(1). It is unlawful for any person to make any call using an ATDS to a cellular telephone "unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A).

### D. Default Judgment and Liability

The Court finds that plaintiff has established all the statutory requirements under each of the three statutes for purposes of default judgment.

### E. Damages

Plaintiff seeks statutory damages under the FDCPA for the five violations. A debt collector who fails to comply with any provision of the FDCPA is liable to the person in an amount equal to the sum of:

> **(1)** any actual damage sustained by such person as a result of such failure;
>
> **(2)(A)** in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000

---

[1] The Court notes that a consumer cannot unilaterally revoke consent *if* there is a bargained-for contract giving consent. Medley v. Dish Network, LLC, No. 18-13841, 2020 WL 2092594, at *6 (11th Cir. May 1, 2020).

. . .

> **(3)** in the case of any successful action to
> enforce the foregoing liability, the costs of
> the action, together with a reasonable
> attorney's fee as determined by the court. On
> a finding by the court that an action under
> this section was brought in bad faith and for
> the purpose of harassment, the court may award
> to the defendant attorney's fees reasonable in
> relation to the work expended and costs.

15 U.S.C. § 1692k(a).

As to the state statute, plaintiff is entitled to actual and statutory damages much like the FDCPA:

> Any person who fails to comply with any
> provision of s. 559.72 is liable for actual
> damages and for additional statutory damages
> as the court may allow, but not exceeding
> $1,000, together with court costs and
> reasonable attorney's fees incurred by the
> plaintiff. In determining the defendant's
> liability for any additional statutory
> damages, the court shall consider the nature
> of the defendant's noncompliance with s.
> 559.72, the frequency and persistence of the
> noncompliance, and the extent to which the
> noncompliance was intentional.

Fla. Stat. § 559.77(2). The Court finds that plaintiff is entitled to the maximum $1,000 under the FDCPA and the FCCPA, and will award a single combined amount of $1,000 for the violations. The Court finds that double recovery is not appropriate. See, e.g., Abby v. Paige, No. 10-23589-CIV, 2013 WL 141145, at *10 (S.D. Fla. Jan. 11, 2013), aff'd, 553 F. App'x 970 (11th Cir. 2014) (finding that a second award of "additional damages" was not warranted); Titus v. Commercial Recovery Sys., Inc., No. 8:13-CV-

00567-T-27, 2014 WL 55016, at *3 (M.D. Fla. Jan. 7, 2014) ("A court may award a maximum amount of $1,000.00 in statutory damages per action, rather than per violation, for violations brought under the FDCPA and the FCCPA.")

As to the TCPA, a person may file suit to recover actual monetary loss from the violation, or to receive $500 in damages for each violation, whichever is greater.  If defendant violated the statute willfully or knowingly, the Court may "increase the amount of the award to an amount equal to not more than 3 times the amount."  47 U.S.C. § 227(b)(3).  The Court will allow damages for each of 12 calls alleged in the Complaint and deemed admitted but not for the 15 requested by plaintiff because the request is not supported by the admitted allegations.  The statutory damages for 12 separate calls would be $6,000, with the multiplier for willful action bringing the total to $18,000.  This provides a total amount of damages of $19,000.  No actual damages are alleged.

### F. Attorney Fees and Costs

Plaintiff seeks $460 in costs comprised of the filing fee and the amount paid to the process served.  Both are taxable costs under 28 U.S.C. § 1920, and both are permitted under the statutes at issue.  The Court will allow $460 in costs.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate.

<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced.  <u>Id.</u>  The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community.  <u>Blum v. Stenson</u>, 465 U.S. 886, 896 n.11 (1984).

Plaintiff's counsel charges an hourly rate of $300, and counsel expended 7.7 hours on the case, with approximately 2.3 hours more anticipated for a total of 10 hours.  The Court finds that the hourly rate is reasonable in light of the prevailing rates in the Fort Myers area.  The Court will allow the 7.7 hours supported by a billing record but declines to allow for anticipated work that is unsupported.  The 7.7 hours includes the time spent on drafting the motion for default judgment.  The Court will grant attorney's fees in the amount of $2,310.00.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Default Judgment (Doc. #12) is **GRANTED.**  The Clerk shall enter judgment in favor of plaintiff and against defendant awarding damages in the amount of $1,000 under the FDCPA and the FCCPA; and $18,000 under the TCPA, for a total of $19,000.  Plaintiff is also

awarded attorney fees in the amount of $2,310, plus costs in the amount of $460.

2. The Clerk is further directed to terminate all deadlines, and to close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ____14th____ day of May, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record